960 F.2d 1054
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Bruce H. THOMPSON, Appellant.
 No. 91-3181WM.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 13, 1992.
Filed: April 16, 1992.
 
 Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 When Drug Enforcement Administration agents arrested Bruce H. Thompson on a drug-related offense, the agents found a handgun in the automobile driven by Thompson. In addition to charging Thompson with the drug offense, the Government charged Thompson with using a firearm during and in relation to a drug trafficking offense and with being a felon in possession of a firearm. At trial, the Government introduced evidence that Thompson had possessed firearms on three earlier occasions. On appeal from his firearm convictions, Thompson contends the district court committed reversible error in admitting evidence of his earlier firearms possessions. We disagree.
 
 
 2
 Evidence of Thompson's earlier acts is admissible under Federal Rule of Evidence 404(b) if (1) the evidence is relevant to a material issue, (2) the earlier acts are similar in kind and reasonably close in time to the crimes charged, (3) sufficient evidence supports a jury finding that Thompson committed the earlier acts, and (4) the potential prejudice of the evidence does not substantially outweigh its probative value. United States v. Johnson, 934 F.2d 936, 939 (8th Cir. 1991). Thompson acknowledges the evidence of his earlier firearms possessions satisfies the first three conditions of admissibility, but argues the evidence does not satisfy the fourth condition.
 
 
 3
 Thompson recognizes as he must that the district court has broad discretion in weighing the prejudicial impact of past act evidence against its probative value. See id. at 941. Moreover, Thompson concedes the evidence of his earlier firearms possessions is probative of his knowledge that an accessible handgun was in the automobile he was driving. Thompson also acknowledges that the district court instructed the jury to consider the evidence only to decide whether Thompson knowingly possessed the handgun. Given these circumstances, we cannot say the district court abused its discretion in admitting the challenged evidence. See id. We thus affirm Thompson's convictions.